UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: SIGNAL INTERNATIONAL LLC
HUMAN TRAFFICKING LITIGATION                                             MDL No. 2554


ORDER DENYING TRANSFER


      **Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendants Signal International, LLC, Signal International, Inc., Signal International Texas, G.P., and Signal International Texas, L.P. (collectively, Signal) move for centralization of this litigation in the Eastern District of Louisiana. This litigation currently consists of seven actions pending in the Eastern District of Louisiana and five actions pending in the Eastern District of Texas, as listed on Schedule A. These actions involve allegations that roughly 590 Indian welders and piperfitters were lured to work for Signal through the fraudulent promise of legal and permanent work-based immigration to the United States, and that they subsequently were subjected to forced labor and other abuses at Signal's facilities in Pascagoula, Mississippi, and Orange, Texas.

      Defendants Sachin Dewan, Dewan Consultants Pvt. Ltd., Malvern C. Burnett, Gulf Coast Immigration Law Center, LLC, and the Law Offices of Malvern C. Burnett, APC, support the motion to centralize. The Equal Opportunity Employment Commission (EEOC) and some 190-plus individual plaintiffs—together comprising all the plaintiffs in the twelve actions on the motion—oppose centralization.

      On the basis of the papers filed and hearing session held, we will deny plaintiffs' motion. Although these actions share some factual questions arising out of the alleged fraudulent scheme to traffick plaintiffs into the United States to work at Signal's facilities and the terms and conditions of employment after they were hired by Signal, we are not persuaded that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation. As both of the underlying courts have recognized, each individual plaintiff must prove how he was recruited, the abuse he allegedly suffered while working for Signal, and the damages caused to him by the alleged fraudulent scheme and discriminatory work conditions. These individualized facts very well may predominate over the common factual issues alleged by plaintiffs.

      More significantly, all of the actions are progressing rapidly towards trial. Jury trial of the Mississippi plaintiffs' claims in the first-filed *David* action in the Eastern District of Louisiana is scheduled for January of 2015. Fact discovery in the first two actions filed in the Eastern District of Texas will close in less than two months, and trials in those actions are also set for early- to mid-

---

      [*] Judge Ellen Segal Huvelle took no part in the decision of this matter.

-2-

2015. Much, if not all, of the "common" factual discovery undoubtedly has been completed already, as more than a hundred days' worth of depositions have been conducted.

Furthermore, there has been substantial inter-district and intra-district coordination. All seven of the Louisiana actions have been assigned to Judge Susie Morgan, who has ordered five of the actions consolidated (all save the action by the EEOC) and that discovery of all the Louisiana actions be conducted in a coordinated fashion so as to avoid unnecessary duplication of efforts. Similarly, the Texas actions have been referred to the same magistrate judge. Consent orders have been entered in those actions allowing the Texas plaintiffs full access to the written discovery, document discovery, and depositions from the Louisiana actions. Thus, "informal cooperation among the involved attorneys and coordination between the involved courts seems preferable to formal centralization." *See In re Adderall XR (Amphetamine/Dextroamphetamine) Mktg., Sales Practices & Antitrust Litig.*, 968 F. Supp. 2d 1343, 1345 (J.P.M.L. 2013). This is particularly so where the main effect of centralization would not be to enhance convenience and efficiency, but to delay the progress of these actions, which are swiftly moving towards trial. *See In re DietGoal Innovations, LLC ('561) Patent Litig.*, MDL No. 2507, __ F. Supp. 2d __, 2014 WL 709762, at *1 (J.P.M.L. Feb. 19, 2014) (denying centralization where it would delay significantly advanced actions).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell      Charles R. Breyer
Lewis A. Kaplan          Sarah S. Vance
R. David Proctor

**IN RE: SIGNAL INTERNATIONAL LLC**
**HUMAN TRAFFICKING LITIGATION**                     MDL No. 2554


## SCHEDULE A


    Eastern District of Louisiana

DAVID, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL., C.A. No. 2:08–01220
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION v. SIGNAL
    INTERNATIONAL, LLC, C.A. No. 2:12–00557
ACHARI, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL., C.A. No. 2:13–06218
CHAKKIYATTIL, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL.,
    C.A. No. 2:13–06219
KRISHNAKUTTY, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL.,
    C.A. No. 2:13–06220
DEVASSY, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL.,
    C.A. No. 2:13–06221
SINGH, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL., C.A. No. 2:14–00732

    Eastern District of Texas

SAMUEL, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL., C.A. No. 1:13-00323
JOSEPH, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL., C.A. No. 1:13-00324
MEGANATHAN, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL.,
    C.A. No. 1:13-00497
KAMBALA, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL.,
    C.A. No. 1:13-00498
MARIMUTHU, ET AL. v. SIGNAL INTERNATIONAL, LLC, ET AL.,
    C.A. No. 1:13-00499